# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #004

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **6th day of February, 2025** are as follows:

**PER CURIAM:**

2024-KK-00564        STATE OF LOUISIANA  VS.  FELTON THOMPSON (Parish of Jefferson)

REVERSED AND REMANDED. SEE PER CURIAM.

Griffin, J., additionally concurs and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2024-KK-00564

## STATE OF LOUISIANA

## VS.

## FELTON THOMPSON

On Supervisory Writ to the 24th Judicial District Court, Parish of Jefferson

**PER CURIAM:**[*]

We granted defendant's writ application to review the trial court's denial of defendant's motion requesting the trial court to instruct the jury that a verdict of conviction must be unanimous but that any other verdict for an offense committed prior to January 1, 2019, may be rendered by a concurrence of ten jurors. We find the trial court erred in denying defendant's requested jury instruction. Thus, we reverse the ruling of the district court and remand for further proceedings.

In 2018, the legislature passed and the voters of Louisiana ratified an amendment to the Louisiana Constitution, Article 1, Section 17(A), effective December 12, 2018, which provides:

> A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

A corresponding amendment to La.C.Cr.P. art. 782 included a provision identical to the amendment above, with the resulting effect being that, in all cases tried by jury, for offenses which occurred before January 1, 2019 and which were necessarily punishable by confinement at hard labor, all verdicts reached by the jury required

---

[*] Justice Jeannette Theriot Knoll, retired, appointed Justice Pro Tempore, sitting due to the vacancy in Louisiana Supreme Court District 3.

only 10 of 12 jurors, including a verdict of "not guilty."

This scheme based on the timing of the offense was, at least in part, short-lived due to the United States Supreme Court's decision some 16 months later in *Ramos v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), in which the Court held that all trials by jury which result in conviction of a crime or crimes must be by unanimous verdict of the jury. Thus, regardless of the date of the offense, any case arising post-*Ramos,* and any case not yet final at the time *Ramos* was decided, is subject to the requirement announced in *Ramos* that a conviction be obtained by unanimous verdict.

Nonetheless, as we recognized in *State v. Gasser*, 2022-00064 (La. 6/29/22), 346 So.3d 249, the Supreme Court in *Ramos* did *not* decide whether a verdict of acquittal must be unanimous. Nor did we address that question in *Gasser* and instead specifically noted: "Thus, although we express no opinion on this issue [of whether a unanimous verdict is required to acquit] at this time, even if unanimity is now required for an acquittal, this rule cannot invalidate a lawful acquittal, even one implied by the conviction of a lesser included offense." *Gasser*, 2022-0064, p. 23, 346 So.3d at 265. This leads to the conclusion, which Judge Windhorst reached below and with which we agree, that "neither *Ramos* nor *Gasser* extinguished the right to a 10 of 12 jurors acquittal which exists in Louisiana for offenses committed prior to January 1, 2019. With no such judicial determination, unanimous jury decisions for acquittals did not suddenly become mandated, and the still-existing right to a 10 of 12 verdict for acquittals was not inexplicably lost." *Thompson*, 2023-0337, p. 4 (La. App. 5 Cir. 4/4/24) (unpub'd, available at 2024 WL 1478154) (Windhorst, J., dissenting); *see also State v. Toney*, 2024-0651 (La. App. 4 Cir. 10/14/24) (unpub'd) (Belsome, J., dissenting).

This Court has outlined the rules of constitutional interpretation as follows:

"When a constitutional provision is clear and unambiguous, and its

2

application does not lead to absurd consequences, it must be applied as written without further interpretation in search of its intent." *Louisiana Associated General Contractors, Inc.,* [1995-2105 p. 15–16 (La. 3/8/96), 669 So.2d 1185, 1196.] Constitutional provisions should be construed so as to give effect to the purpose indicated by a fair interpretation of the language used, and in the event of conflict or inconsistency, provisions should be construed, if possible, to allow each provision to stand and be given effect. *Eiche v. Louisiana Board of Elementary & Secondary Education*, 582 So.2d 186, 189 (La.1991); *State ex rel. Guste v. Board of Commissioners*, 456 So.2d 605 (La.1984); *Barnett v. Develle*, 289 So.2d 129 (La.1974).

*Perschall v. State*, 1996-0322, pp. 21–22 (La. 7/1/97), 697 So.2d 240, 255.

Here, the language used in both La. Const. Art. 1, § 17(A) and La.C.Cr.P. art. 782 establishes an unambiguous right to verdicts of acquittal by 10 of 12 jurors for offenses committed prior to January 1, 2019, which are necessarily punishable by hard labor. La.C.Cr.P. art. 802 requires a trial court to charge the jury with the law applicable to the case, and La.C.Cr.P. art. 807 provides that "[a] requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent."

Here, the state charged defendant by bill of information with aggravated burglary and sexual battery with both offenses alleged to have occurred on or about October 7, 2016. Because the offenses are alleged to have been committed prior to January 1, 2019, the trial court erred in refusing to charge the jury that at least 10 of 12 jurors must concur to reach a verdict of "not guilty." We reverse the trial court's ruling and remand for further proceedings consistent with the views expressed herein.

**REVERSED AND REMANDED**

# SUPREME COURT OF LOUISIANA

## No. 2024-KK-00564

## STATE OF LOUISIANA

## VS.

## FELTON THOMPSON

*On Supervisory Writ to the 24th Judicial District Court, Parish of Jefferson*

**GRIFFIN J., additionally concurs and assigns reasons.**

In allowing for nonunanimous acquittals, the Louisiana Constitution grants greater rights protections than the federal constitution, which states have the right to do. *See Edwards v. Vannoy*, 593 U.S. 255, 271, 141 S.Ct. 1547, 1559 n. 6 (2021); *State v. Perry*, 610 So. 2d 746, 750-51 (La. 10/19/1992).